# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAMBLE III, *et al.*,<br><br>　　　　Defendants. | Case No.  1:24-cv-00799-BAM (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 8, 9) |

　　　Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint has not yet been screened.  (ECF No. 1.)

　　　Currently before the Court are Plaintiff's first and second motions for appointment of counsel, filed August 2, 2024.  (ECF Nos. 8, 9.)  Plaintiff requests appointment of counsel due to his limited knowledge of laws and the fact that he is a participant in the CCCMS and EOP Mental Health Programs.  Plaintiff states he is unable to perform the function of being a pro-per-se lawyer.  Plaintiff is diagnosed as depressive and schizoaffective disorder with psychotic features by the Chief of Mental Health at Valley State Prison and Dr. Shoji and Dr. Thorpe at SATF Corcoran.  Plaintiff requests that the federal government appoint him a competent paid federal lawyer to take this case to protect his civil rights and interest and allow him a fair chance to win his case.  (ECF No. 8.)  Plaintiff has also filed a copy of what appears to be a petition for a writ of *habeas corpus* originally filed with the Madera County Superior Court, but includes similar factual allegations as the original complaint.  (ECF No. 9.)

　　　Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

1

1  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
2  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
3  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
4  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
5  1525.

6        Without a reasonable method of securing and compensating counsel, the Court will seek
7  volunteer counsel only in the most serious and exceptional cases.  In determining whether
8  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
9  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
10  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

11        The Court has considered Plaintiff's request, but does not find the required exceptional
12  circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
13  would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
14  almost daily by prisoners suffering from diagnosed mental health conditions who must also
15  conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel.

16        Furthermore, at this stage in the proceedings, the Court cannot make a determination that
17  Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to
18  determine whether it states a cognizable claim.  Finally, based on a review of the record in this
19  case, the Court does not find that Plaintiff cannot adequately articulate his claims.

20        Accordingly, Plaintiff's motions to appoint counsel, (ECF Nos. 8, 9), are HEREBY
21  DENIED, without prejudice.

22

23  IT IS SO ORDERED.

24      Dated:   **August 5, 2024**         /s/ *Barbara A. McAuliffe*
25                                           UNITED STATES MAGISTRATE JUDGE