# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAMBLE III, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-00799-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint has not yet been screened.  (ECF No. 1.)

On August 7, 2024, Plaintiff filed a notice of change of address, which included a note stating: "SATF Mental Health Doctor Ms. Thorpe request I ask for Help via private lawyer provided by Court Due to current physical/mental health disabilities."  (ECF No. 11.)  The Court construes Plaintiff's note as a renewed request for appointment of counsel.

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners suffering from mental and physical health disabilities who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel.  Plaintiff has not presented any support for his renewed request that he did not already raise in his prior two requests for appointment of counsel.  (ECF Nos. 8, 9.)

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's renewed motion to appoint counsel, (ECF No. 11), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **August 8, 2024**                    /s/ *Barbara A. McAuliffe*            _
                                              UNITED STATES MAGISTRATE JUDGE