# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>   Plaintiff,<br><br>   v.<br><br>GAMBLE III, *et al.*,<br><br>   Defendants. | Case No.  1:24-cv-00799-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AS PREMATURE<br><br>(ECF No. 14) |

     Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a first amended complaint on August 19, 2024, which is pending screening before the Court.  (ECF No. 13.)

     On August 28, 2024, Plaintiff filed a letter with the Court.  (ECF No. 14.)  Upon review of the documents, it appears Plaintiff is requesting production of videos from Valley State Prison to use as evidence in this action.  Plaintiff also includes a letter addressed to Kamala Harris, seeking assistance with early parole or a pardon.  (*Id.*)  The Court construes the filing as a motion for discovery.

     Plaintiff's motion for discovery is premature and shall be denied without prejudice.  As noted above, the Court has not screened Plaintiff's first amended complaint to determine whether it is subject to dismissal or whether the action should proceed to discovery on Plaintiff's claims.

28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted.")  The first amended complaint has not been ordered served, no defendants have appeared, and discovery has not been opened.

To the extent Plaintiff seeks early parole or a pardon, a civil rights action is not the proper method for such relief.  It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005).  Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.  As the Court has not yet found service of the first amended complaint appropriate on any defendants, there are no other parties to this action over which the Court has jurisdiction.

Accordingly, Plaintiff's motion for discovery, (ECF No. 14), is HEREBY DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated: **August 29, 2024**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2