# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>            Plaintiff,<br><br>     v.<br><br>GAMBLE III, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-00799-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND FOR OTHER RELIEF<br><br>(ECF No. 16) |

Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint on August 19, 2024, which is pending screening before the Court. (ECF No. 13.)

On September 9, 2024, Plaintiff filed another letter with the Court. (ECF No. 16.) Upon review of the document, it appears Plaintiff is requesting that the Court obtain and review certain photo and video evidence relating to the claims raised in this action, as well as a new incident that occurred with a non-party correctional officer on August 28, 2024. Plaintiff also appears to request that the Court call certain individuals regarding the validity of Plaintiff's incarceration and to get Plaintiff an award of damages and parole by December 2024. (*Id.*) The Court construes the filing as a motion for discovery and for other relief.

///

1    Plaintiff's motion for discovery, as with his previous request, (ECF Nos. 14, 15), is
2    premature and is denied without prejudice.  As noted above, the Court has not screened Plaintiff's
3    first amended complaint to determine whether it is subject to dismissal or whether the action
4    should proceed to discovery on Plaintiff's claims.  28 U.S.C. § 1915(e)(2)(B)(ii)
5    ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
6    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
7    claim upon which relief may be granted.")  The first amended complaint has not been ordered
8    served, no defendants have appeared, and discovery has not been opened.

9    If Plaintiff is requesting that the Court obtain evidence to store and review on Plaintiff's
10   behalf, Plaintiff is reminded that the Court will not serve as a repository for evidence.  (ECF No.
11   3, p. 3.)  At the screening stage, Plaintiff does not need to attach exhibits, or have the Court
12   review video evidence, to prove the truth of what is said in the complaint.  For screening
13   purposes, facts stated in complaints are accepted as true.  (*Id.*)

14   Plaintiff requests that the Court add C/O Lopez as a defendant to this action related to an
15   incident that occurred on August 28, 2024.  (ECF No. 16, p. 3.)  It appears Plaintiff is attempting
16   to add a claim related to the August 28, 2024 events to the claims already raised in the first
17   amended complaint, related to an incident on April 29, 2024 with different correctional officers.
18   Plaintiff is advised that he may not bring unrelated claims against unrelated parties in a single
19   action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011);
20   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple
21   defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of
22   transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P.
23   20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction"
24   requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the
25   defendants are properly joined under Rule 20(a) will the Court review the other claims to
26   determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims
27   against the same party.  If Plaintiff believes that the August 28, 2024 claim against C/O Lopez is
28   properly joined to the April 29, 2024 claims already raised in the first amended complaint, he

should file a motion to amend the complaint and attach a proposed second amended complaint that includes all properly joined claims Plaintiff wishes to pursue in this action. Fed. R. Civ. P. 15. If the claims are not properly joined, Plaintiff should not bring them in the same action.

As Plaintiff was previously informed, if he seeks early parole or a pardon, a civil rights action is not the proper method for such relief. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969. As the Court has not yet found service of the first amended complaint appropriate on any defendants, there are no other parties to this action over which the Court has jurisdiction.

Finally, Plaintiff is warned that he may not continue to file letters addressed to the Court or to the judge. If Plaintiff is requesting a court order, the document must be titled as a motion and contain a specific request for relief. If Plaintiff files letters that are not styled as a motion, they may be stricken or returned without an answer. Fed. R. Civ. P. 7.

Accordingly, Plaintiff's motion for discovery and for other relief, (ECF No. 16), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 11, 2024**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3