UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE, | Case No. 1:24-cv-00799-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| GAMBLE III, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | (ECF No. 19) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court could screen the complaint, Plaintiff filed a first amended complaint on August 19, 2024. The Court screened the first amended complaint, and Plaintiff was granted leave to amend. The second amended complaint is currently before the Court for screening. (ECF No. 19.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

2       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9       To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF").  The events in the complaint are alleged to have occurred at Valley State Prison ("VSP") and at SATF.  Plaintiff names as defendants: (1) Mr. Gamble III, Valley State Prison, and (2) Mr. Lopez, at SATF.

In claim 1, Plaintiff alleges violation of the Americans with Disabilities Act and violation of the Eighth Amendment. On 4/29/24, VSP guard Gamble III violated Plaintiff's Eighth Amendment rights by punching Plaintiff's face while waiting for a medical response team LVN Ms. Kerr. Plaintiff alleges that on 4/29/24, corrections guard Gamble III came from a separate building to follow Plaintiff on his way to Coastline College AA degree final exam.  Defendant began to become aggressive and called Plaintiff a homosexual.  He ordered Plaintiff to stand up from the table on D yard which Plaintiff was sitting at while awaiting medical staff to determine Plaintiff's ability to proceed to the class at Coastline college AA final exam.  At 2:03 p.m. on 4/29/24, Defendant Gamble already had a prewritten RVR report to use his authority to target

assault and batter a disabled inmate. Plaintiff asked to remain seated until LVN Ms. Kerr was there to supervise /evaluate Plaintiff. Gamble then punched Plaintiff in the face and body slammed Plaintiff to the ground as Plaintiff was handcuffed. Six guards were on top of Plaintiff holding all by his neck, back, arms, legs and body. Body cam and building 3 videos show Plaintiff was compliant and respectful and never resisted. The force was not applied in good faith and was violent, malicious, and sadistic to cause harm. Plaintiff was sitting and not resisting and there was no need for excessive force in the line.

In claim 2, Plaintiff alleges his Eighth Amendment rights were violated. Plaintiff alleges that Gamble has punched Plaintiff before. On 12-8-23, Gamble punched Plaintiff while on escort to the program office while handcuffed. Plaintiff alleges that on 4/29/24, Gamble initiated a false medical code as pretense to target, assault, and punch Plaintiff's face for any real or perceived threat by Plaintiff. Plaintiff was already sitting in a position awaiting LVN Ms. Kerr to respond to clear Plaintiff. The amount of force was brutal. Plaintiff was awaiting a mental health medical response so it also violated ADA civil rights, EOP/CCCMS, mental patient *Plata v. Newsome.*

On 8/28/24 at CSP, C/O Lopez used excessive force as a means to an end of a mental health and physical housing placement request. Lopez is aware of Plaintiff's grave disability, vest, lower bunk chrono, EOP/CCMS mental health status and diagnosis of Schizoaffective disorder and denied Plaintiff help from a mental health provider. Lieutenent/Captain instead used his police martial arts training to body slam Plaintiff on bodycam and dayroom video. This violated ADA civil rights, *Plata v. Newsom*, and Eighth Amendment. Plaintiff alleges that both cases are related and similar because of color of law and part of a chain reaction of had VSP Gamble III not assaulted Plaintiff, Plaintiff would not be on a level 4 yard being assaulted by CSP Lopez and in danger of higher security threats. Plaintiff acknowledges that claim 2, against Lopez is not fully exhausted: "claim #2 C.S.P-Lopez currently OIG pending a final exhaust remedies as it occurred on 8-28-24." (ECF No. 19, p. 5.)

As remedies, Plaintiff seeks damages.

///

///

3

**III.   Discussion**

        **Eighth Amendment Claim for Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff states a claim for excessive force in violation of the Eighth Amendment when Defendant Gamble punched Plaintiff in the face and took him to the ground on 4/29/24. Plaintiff alleges he was not resisting, was compliant, and was respectful. Plaintiff states a cognizable claim against Defendant Gamble.

Plaintiff fails to state a cognizable claim as to any other incident involving Defendant Gamble. Plaintiff fails to state factual support of what conduct Plaintiff was engaged in at the time of the force; e.g., that Plaintiff was in compliance with orders and not resisting. Merely because Plaintiff was in handcuffs does not mean Plaintiff was in compliance.

///

**Americans with Disabilities Act and Rehabilitation Act ("ADA")**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2).

To the extent Plaintiff intends to sue the individual named defendants for violation of his rights under the ADA, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  The proper defendant in ADA actions is the public entity responsible for the alleged discrimination.  *U.S. v. Georgia*, 546 U.S. 151, 153 (2006).  State correctional facilities are "public entities" within the meaning of the ADA.  *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

In order to state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap." *Armstrong*, 124 F.3d at 1023. Plaintiff has alleged no facts demonstrating such exclusion or denial.

**Consent Decree**

Plaintiff alleges the actions of the defendants did not conform to the consent decree in *Plata v. Newsom*.

It is well-settled that the remedial order issued in *Plata* and related cases do not provide an independent cause of action under § 1983 as the order does not create or expand on a plaintiff's constitutional rights. *Coleman v. CDCR*, No. 09-cv-02192-SKO PC, 2011 WL 2619569, at *4 (E.D. Cal. July 1, 2011) (citing *Cagle v. Sutherland*, 334 F.3d 980, 986-87 (9th Cir. 2003)

(consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights)); *see also Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights and cannot serve as a substantive basis for damages); *Montecastro v. Newsom*, No. 1:20-CV-00689 SAB(PC), 2020 WL 6484097, at *5 (E.D. Cal. Nov. 4, 2020) ("[A]ny violations of the remedial plan developed in *Armstrong* do not provide an independent basis for relief in this court. Violations of the *Armstrong* Remedial Plan must be addressed through the procedures provided by that plan."), report and recommendation adopted, No. 1:20-CV-00689 NONE SAB (PC), 2020 WL 7319423 (E.D. Cal. Dec. 11, 2020). If Plaintiff has concerns about the actions under the *Plata/Armstrong/Coleman* consent decrees, he should express those concerns to the class representative or court in those cases.

**Verbal Harassment**

To the extent Plaintiff seeks to impose liability against Defendant Gamble arising out of his verbal conduct, he may not do so. Allegations of verbal abuse or harassment fail to state a constitutional claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (finding that "verbal harassment generally does not violate the Eighth Amendment"); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action). However, verbal harassment may violate the constitution when it is " 'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

**False Report**

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a

6

cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

To the extent Plaintiff is attempting to bring a claim based on Defendant Gamble filing false charges against him, Plaintiff fails to state a cognizable claim.

**Housing Assignment**

Any claim premised on the failure to house Plaintiff at a particular institution or in particular housing fails because Plaintiff is not entitled to be housed in any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment*.); accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

**Failure to Exhaust Claim 2**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be

dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

In the complaint, Plaintiff concedes that there is a grievance procedure at his current institution, and he presented the facts in claim 2 for review through the grievance procedure, but that the exhaustion of this process is not concluded. (ECF No. 19, p. 5.)

Based on the information in the complaint, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a). Plaintiff is not excused from complying with available administrative remedies. At the time the operative complaint was filed, Plaintiff remained in custody, and he was therefore required to comply with the exhaustion requirements.

**IV.    Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendant Mr. Gamble III, correctional officer at Valley State Prison, for excessive force in violation of the Eighth Amendment for the incident on 4/29/24. However, Plaintiff's second amended complaint fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Further, is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed September 26, 2024, (ECF No. 19), against Defendant Mr. Gamble III, correctional officer at Valley State Prison, for excessive force in violation of the Eighth Amendment for the incident on 4/29/24.

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 1, 2024**         /s/ Barbara A. McAuliffe         
UNITED STATES MAGISTRATE JUDGE