# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>          Plaintiff,<br><br>   v.<br><br>GAMBLE III, *et al.*,<br><br>          Defendants. | Case No.  1:24-cv-00799-KES-BAM (PC)<br><br>ORDER DENYING MOTION TO SUPPLEMENT COMPLAINT<br><br>(ECF No. 26) |

Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 2, 2024, the Court screened Plaintiff's second amended complaint and issued findings and recommendations that this action proceed against Defendant Gamble for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024, but all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (ECF No. 21.)  Following the filing of Plaintiff's objections, (ECF Nos. 24, 25), those findings and recommendations remain pending before the assigned District Judge.

Currently before the Court is Plaintiff's filing of April 29, 2024, docketed as a motion to supplement complaint.  (ECF No. 26.)

///

1

      Although difficult to understand, Plaintiff's filing appears to request that the Court contact certain individuals regarding the filing of an ADA complaint, grievance, to request an *Olsen* review of Plaintiff's medical records, and a settlement or data breach. (ECF No. 26.) Plaintiff also appears to set forth allegations regarding incidents that occurred on April 14, 2025 and April 15, 2025 pertaining to his medical care and/or a slip and fall resulting in injuries to Plaintiff. (*Id.*)

      To the extent Plaintiff is attempting to add new claims to this action, the Court construes the filing as a motion to supplement the complaint.

      Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15 distinguishes between supplementing and amending a complaint. In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint. *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002); *Flaherty v. Lang*, 199 F.3d 607, 613 n.3 (2d. Cir. 1999). A supplemental complaint addresses matters occurring after the original complaint is filed. Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

      Plaintiff has provided no indication that the recent incidents discussed in his filing relate to the instant action. As such, the Court does not find that the underlying claims are related. Allowing Plaintiff to add these separate, distinct, and new claims, against unnamed individuals, would not serve the interests of judicial economy and convenience, and the proposed claims are simply not sufficiently related to the present claim against Defendant Gamble for excessive force. *Planned Parenthood*, 130 F.3d at 402.

      If Plaintiff is requesting that the Court conduct discovery or otherwise obtain evidence on Plaintiff's behalf, Plaintiff is reminded that the Court will not serve as a repository for evidence. (ECF No. 3, p. 3.)

///

1      Plaintiff is again warned that he may not continue to file letters addressed to the Court or
2 to the judge. (*See* ECF No. 17.) If Plaintiff is requesting a court order, the document must be
3 titled as a motion and contain a specific request for relief. If Plaintiff files letters that are not
4 styled as a motion, they may be stricken or returned without an answer. Fed. R. Civ. P. 7.
5      Accordingly, Plaintiff's motion to supplement the complaint, (ECF No. 26), is HEREBY
6 DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2025**            /s/ *Barbara A. McAuliffe*         _
                                    UNITED STATES MAGISTRATE JUDGE

3