# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>    Plaintiff,<br><br>    v.<br><br>GAMBLE III, *et al.*,<br><br>    Defendants. | No. 1:24-cv-00799-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>Doc. 21 |

    Plaintiff Chris Monroe Cone is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Plaintiff initiated this suit on July 10, 2024. Doc. 1. The assigned magistrate judge screened plaintiff's first amended complaint and granted plaintiff leave to file a second amended complaint. Doc. 18. On September 26, 2024, plaintiff filed a second amended complaint. Doc. 19.

    On October 2, 2024, the assigned magistrate judge screened plaintiff's second amended complaint and found that plaintiff stated a cognizable claim against defendant Gamble III, a correctional officer at Valley State Prison, for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024. Doc. 21. The magistrate judge further recommended that all other claims and defendants be dismissed based on plaintiff's failure to

1

1   state claims upon which relief may be granted. *Id.* The findings and recommendations were

2   served on plaintiff and contained notice that any objections were to be filed within fourteen days

3   after service. *Id.* Plaintiff timely filed objections to the findings and recommendations.

4   Docs. 24, 25.

5   In his objections, plaintiff primarily disputes the magistrate judge's determination that his

6   second claim, as to defendant Lopez, should be dismissed for failure to exhaust administrative

7   remedies. Doc. 24 at 4–5; Doc. 25 at 2. While the plaintiff "is not required to say anything about

8   exhaustion in his complaint," *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014), he

9   asserted in the operative pleading that his allegations against Lopez were still pending final

10  investigation. Doc. 19 at 3, 5. However, with his objections, plaintiff submitted a copy of an

11  administrative decision reflecting that his grievance on this claim was administratively exhausted

12  on September 19, 2024, which is six days <u>before</u> he filed his second amended complaint – the

13  operative pleading in this case.[1] *See* Doc. 25 at 3. The administrative decision notes that, due to

14  the nature of plaintiff's claim, it was being referred outside the grievance and appeal process for

15  the purpose of gathering additional facts, but it states that "[t]his decision exhausts all

16  administrative remedies available to [plaintiff] for this claim." Plaintiff objects that his claim as

17  to defendant Lopez was thus fully exhausted when he filed the second amended complaint.

18  In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of

19  the case. Having carefully reviewed the file, including plaintiff's objections, the Court adopts the

20  findings and recommendations in part.

21  As to plaintiff's first claim, the findings and recommendations correctly found that

22  plaintiff stated a cognizable claim solely as to defendant Gamble III for excessive force in

23  violation of the Eighth Amendment for the incident on April 29, 2024. Doc. 21. As to the second

24  claim, the findings and recommendations erred in recommending dismissal for failure to exhaust

25  administrative remedies as to the claim against defendant Lopez for the incident on August 28,

26  2024, as plaintiff had exhausted his administrative remedies on that claim by the time he filed the

---

[1] Plaintiff asserts that defendant Lopez worked at California Substance Abuse Treatment Facility in Corcoran. Doc. 19 at 4.

second amended complaint. *See Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022) (holding that exhaustion requirements apply based on when plaintiff files operative complaint).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Court adopts in part the findings and recommendations issued on October 2, 2024, (Doc. 21).
2. This action proceeds on Plaintiff's second amended complaint, filed September 26, 2024, (Doc. 19), as to: (1) plaintiff's claim against defendant Gamble III for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024, and (2) plaintiff's claim against defendant Lopez for excessive force in violation of the Eighth Amendment for the incident on August 28, 2024.
3. All other claims and defendants are dismissed based on plaintiff's failure to state claims upon which relief may be granted.
4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   June 1, 2025

UNITED STATES DISTRICT JUDGE

3