# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE, | Case No. 1:24-cv-00799-KES-BAM (PC) |
| Plaintiff, | ORDER SEVERING MISJOINED CLAIM AND DEFENDANT |
| v. | |
| GAMBLE, *et al.*, | ORDER DIRECTING CLERK OF COURT TO OPEN NEW ACTION |
| Defendants. | ORDER DIRECTING PLAINTIFF TO SUBMIT FILING FEE OR APPLICATION TO PROCEED *IN FORMA PAUPERIS* FOR NEW ACTION |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 2, 2024, the undersigned screened Plaintiff's second amended complaint and issued findings and recommendations that Plaintiff stated a cognizable claim against Defendant Gamble, a correctional officer at Valley State Prison, for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024, and that all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted. (ECF No. 21.) Plaintiff timely filed objections to the findings and recommendations. (ECF No. 24, 25.)

On June 2, 2025, the assigned District Judge issued an order adopting the findings and recommendations in part, finding that Plaintiff had exhausted his administrative remedies as to

1

1  his claim against Defendant Lopez for the incident on August 28, 2024, before filing the operative
2  second amended complaint.  (ECF No. 29.)  Accordingly, the District Judge ordered that this
3  action proceed on Plaintiff's second amended complaint as to: (1) Plaintiff's claim against
4  Defendant Gamble III for excessive force in violation of the Eighth Amendment for the incident
5  on April 29, 2024, and (2) Plaintiff's claim against Defendant Lopez for excessive force in
6  violation of the Eighth Amendment for the incident on August 28, 2024.  (*Id.*)  The District Judge
7  further ordered that all other claims and defendants are dismissed based on Plaintiff's failure to
8  state claims upon which relief may be granted.  (*Id.*)
9       As the District Judge did not address the issue of joinder of Plaintiff's claims, the
10 undersigned will do so below.
11      In the second amended complaint, Plaintiff alleges that on April 29, 2024, at Valley State
12 Prison ("VSP"), Defendant Gamble III punched Plaintiff in the face and body slammed Plaintiff
13 to the ground as Plaintiff was handcuffed.  (ECF No. 19, p. 2.)  Plaintiff then alleges that on
14 August 28, 2024, at Corcoran State Prison ("CSP"), Defendant Lopez used excessive force
15 against Plaintiff.  (*Id.* at 5.)  Plaintiff argues that both cases are related and similar because of
16 color of law and part of a chain reaction, because had Defendant Gamble not assaulted Plaintiff at
17 VSP, Plaintiff would not be on a Level 4 yard being assaulted by Defendant Lopez at CSP and in
18 danger of higher security threats.  (*Id.*)
19      Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed.
20 R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*,
21 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so
22 long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and
23 occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2);
24 *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement
25 refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are
26 properly joined under Rule 20(a) will the Court review the other claims to determine if they may
27 be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.
28 ///

      Plaintiff may not raise different claims against different defendants that are unrelated. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. excessive force) does not necessarily make the claims related for purposes of Rule 18(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff's argument that the actions of Defendant Gamble led to his assault by Defendant Lopez four months later at a completely separate institution, is not sufficient to demonstrate that these claims are based on the same precipitating event or a series of related events. The Court therefore finds that these claims are not properly joined pursuant to Rule 18, and the claims should be severed pursuant to Rule 21 and proceed in separate actions.

      Accordingly, IT IS HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's second amended complaint, filed September 26, 2024, (ECF No. 19), **only** as to the claim against Defendant Gamble III at Valley State Prison, for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024;

2. Pursuant to Federal Rule of Civil Procedure 21, the Court severs the misjoined claims into separate cases;

3. The Clerk of the Court is directed to assign a separate case number to Plaintiff's claim against Defendant Lopez at Corcoran State Prison, for excessive force in violation of the Eighth Amendment for the incident on August 28, 2024;

4. The Clerk of the Court is directed to issue and serve by mail new case documents to Plaintiff indicating the newly assigned case number and a blank application to proceed *in forma pauperis*;

5. The Clerk of the Court is directed to file a copy of Plaintiff's Second Amended Complaint, (ECF No. 19), and a copy of this order in the newly opened case and shall directly assign the new case to the same District Judge and Magistrate Judge as in the instant action;

///

6. As to the new case, within **thirty (30) days** from the date of service of this order, Plaintiff will be required to file a $405.00 filing fee or file a motion for leave to proceed *in forma pauperis*; and

7. **Plaintiff's failure to comply with this order will result in dismissal of the new case, without prejudice, for failure to prosecute and failure to obey a court order**.

IT IS SO ORDERED.

Dated:    **June 3, 2025**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

4