1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CHRIS MONROE CONE,

       Plaintiff,

   v.

GAMBLE III, *et al.*,

       Defendants.

Case No.  1:24-cv-00799-BAM (PC)

ORDER DENYING RENEWED MOTION
FOR APPOINTMENT OF COUNSEL

(ECF No. 31)

13
14
15
16
      Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Gamble for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024 at Valley State Prison.

17
18
19
20
      On June 4, 2025, Plaintiff filed a document that appears to be a renewed request for appointment of counsel.  (ECF No. 31.)  Plaintiff appears to request that this case be handled by the law firm of Michael Flynn, and Plaintiff states that he is using money from a settlement to pay for counsel.  (*Id.*)

21
22
23
      If Plaintiff is paying for private counsel, Plaintiff does not need the Court to appoint counsel for him.  Once Plaintiff has hired an attorney to represent him in this action, that attorney may file an appearance in this case without requiring permission from the Court.

24
25
26
27
28
      If Plaintiff is requesting that the Court appoint counsel to represent him for free, or to appoint counsel to represent Plaintiff without the attorney's agreement, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §

1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from mental and physical health disabilities who must also conduct legal research, obtain discovery, and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint has been found to state a cognizable claim against Defendant Gamble, this does not indicate a likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's renewed motion to appoint counsel, (ECF No. 31), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __June 6, 2025__          ____/s/ *Barbara A. McAuliffe*____
                                UNITED STATES MAGISTRATE JUDGE

2