# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MONROE CONE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAMBLE III, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-00799-KES-BAM (PC)<br><br>ORDER SUMMARILY DENYING PLAINTIFF'S FIFTH MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PREMATURE AND DENYING RELATED MOTION FOR RELIEF<br><br>(ECF Nos. 48, 49)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RELIEF AS MOOT<br><br>(ECF No. 51) |

Plaintiff Chris Monroe Cone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Gamble ("Defendant") for excessive force in violation of the Eighth Amendment for the incident on April 29, 2024 at Valley State Prison.

Currently before the Court are the following motions: (1) Plaintiff's fifth motion for summary judgment, filed August 12, 2025, (ECF No. 49); (2) Plaintiff's motion for relief, filed August 12, 2025, (ECF No. 48); and (3) Defendant's motion to strike Plaintiff's fifth motion for

1

1  summary judgment and motion for relief, (ECF No. 51).  Plaintiff has not yet had an opportunity
2  to file a response to Defendant's motion, but the Court finds a response is unnecessary.  The
3  motion is deemed submitted.  Local Rule 230(l).

4  Plaintiff previously filed motions for summary judgment on July 10, 2025, and July 16,
5  2025.  (ECF Nos. 37, 41.)  Those motions were denied as premature.  (ECF Nos. 40, 42.)  In the
6  Court's July 21, 2025 order denying Plaintiff's second motion for summary judgment, Plaintiff
7  was warned that "future filings seeking the same relief, which are filed prematurely or do not
8  comply with the Court's Discovery and Scheduling Order or Local Rules, may be summarily
9  denied or returned without filing." (ECF No. 42, p. 2.)  Pursuant to that warning, Plaintiff's third
10 motion for summary judgment, filed July 21, 2025, was summarily denied because it was again
11 premature and again failed to comply with the Court's Local Rules.  (ECF Nos. 43, 44.)
12 Plaintiff's fourth motion for summary judgment, filed July 28, 2025, also was summarily denied
13 because it was again premature and again failed to comply with the Court's Local Rules.  (ECF
14 Nos. 45, 46.)  In the Court's July 29, 2025 order denying Plaintiff's fourth motion for summary
15 judgment, the Court pointed out that Plaintiff had filed four premature motions for summary
16 judgment needlessly multiplying these proceeds and repeatedly causing an undue consumption
17 and waste of limited judicial resources to manage and address Plaintiff's filings.  (ECF No. 46 at
18 2.)  Plaintiff was admonished that further baseless or duplicative filings, filings made for
19 harassment, or filings that needlessly multiple the proceedings, would be summarily stricken and
20 would subject Plaintiff to sanctions, including terminating sanctions.  (*Id.*)

21 On August 12, 2025, Plaintiff filed his fifth motion for summary judgment.  (ECF No.
22 49.)  Plaintiff also filed a motion for relief requesting that the Court accept his motions and
23 documents and grant his motion for summary judgment. (ECF No. 48.)  Plaintiff's fifth motion
24 for summary judgment is also premature and does not comply with the Court's Local Rules.
25 (ECF No. 49.)

26 Plaintiff has now filed five premature motions for summary judgment needlessly
27 multiplying these proceedings and repeatedly causing an undue consumption and waste of limited
28 judicial resources to manage and address his filings.  As noted above, in the Court's July 29, 2025

1 order, the Court admonished Plaintiff that further baseless or duplicative filings, filings made for
2 harassment, or filings that needlessly multiple the proceedings, would be summarily stricken and
3 would subject Plaintiff to sanctions, including terminating sanctions.  (ECF No. 46 at 2.)  As it is
4 not clear that Plaintiff received the Court's July 29, 2025 order prior to filing his fifth motion for
5 summary judgment, the Court will not summarily strike his motion or impose sanctions based on
6 the filing of a fifth motion for summary judgment.[1]  However, the Court will summarily deny
7 Plaintiff's fifth motion for summary judgment as premature and deny his related motion for relief.
8 Defendant's motion to strike those filings is therefore unnecessary and will be denied as moot.

Plaintiff is again admonished that further baseless or duplicative filings, filings made for harassment, or filings that needlessly multiple the proceedings, will be summarily stricken and will subject Plaintiff to sanctions, including terminating sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's fifth motion for summary judgment, (ECF No. 49), and his related motion for relief, (ECF No. 48), are SUMMARILY DENIED.
2. Defendant's motion to strike Plaintiff's motion for summary judgment and motion relief, (ECF No. 51), is DENIED as moot.

IT IS SO ORDERED.

Dated:   **September 5, 2025**           /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff filed a sixth motion for summary judgment on September 4, 2025.  (ECF No. 52.)  The Court will address Plaintiff's sixth motion for summary judgment by separate order.

3